Louis R. Martinez (LM9155)
Michael Maragoudakis (MM8088)
MARTINEZ & RITORTO, P.C.
30 Wall Street, 8th Floor
New York, New York 10005
Tel. (212) 248-0800
*Attorneys for Defendant*
DELTA AIR LINES, INC.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   2/9/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELBA MCGILL,

      Plaintiff,

 -against-

DELTA AIR LINES, INC.

      Defendant.

Case No.: 20-CV-8576

**STIPULATED PROTECTIVE ORDER**

   During discovery in this action, the undersigned Parties may be required to produce documents, answer interrogatories and requests for admission, and provide testimony that might reveal confidential information, including proprietary business information, trade secrets, insurance, and financial or medical information that should not be disclosed except in a highly restricted manner. The Parties desire to accomplish and facilitate discovery in this action without jeopardizing business, commercial, or personal interests in the confidentiality of this information. The undersigned Parties therefore agree that:

   1.  The Parties may designate as "CONFIDENTIAL" only such portion of any document, interrogatory answer, response to request for admission, deposition testimony, or other testimony given or produced in this litigation, that concerns confidential information, the public disclosure of which is either restricted by law or will cause harm to the business, commercial or financial interests of the producing party, including nonpublic financial

information, commercial information relating to competitive considerations, or nonpublic, proprietary, or confidential business information or financial information of the Parties. Any portions of documents or information designated as "CONFIDENTIAL" (hereinafter "Confidential Material") shall have the legend "CONFIDENTIAL" placed on it and thereafter shall be treated pursuant to the provisions of this Stipulated Protective Order.

2. Confidential Material shall be used by the Parties and their counsel solely for the purpose of conducting the above-captioned litigation and shall not be communicated at any time, in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Stipulated Protective Order as set forth in paragraph 3, below.

3. Prior to trial, access to Confidential Material and to the information contained therein (including extracts and summaries derived from such material) shall be restricted to the following Qualified Persons:

(a) the attorneys working on this action on behalf of the Parties, and their employees or agents working on this action;

(b) the Parties, their employees, officers, agents, and insurers who are working on this action and whose assistance is required in the preparation of this matter for trial;

(c) experts, consultants, and their respective staffs who are employed or retained by any of the Parties or their counsel, provided that they may not retain the Confidential Material after that use has ended, and further provided that such experts and consultants are advised of the existence of this Stipulated Protective Order and given an opportunity to read it, and agree to treat such Confidential Material in accordance with its terms;

(d) deposition witnesses, provided that they are advised of the existence of this Stipulated Protective Order and given an opportunity to read it, and agree to treat such Confidential Material in accordance with its terms;

(e) private court reporting and document reproduction services;

(f) the Court and its support personnel and court reporters; and

(g) any person designated by mutual agreement of the Parties, or by the Court in the interest of justice, upon such terms as the Court may deem proper.

4. Every recipient of Confidential Material is hereby enjoined from disclosing such Confidential Material to anyone other than a Qualified Person described in paragraph 3. Any such disclosure shall be deemed a breach of this Stipulated Protective Order.

5. Before making disclosure of any Confidential Material to any Qualified Person under paragraph 3(a)-(e) and (g) of this Stipulated Protective Order, a Party shall advise such person of the existence and terms of this Stipulated Protective Order.

6. The inadvertent failure of a Party to designate discovery material as Confidential Material at the time of production shall not constitute a waiver of the Party's claim to confidentiality as long as the Party promptly designates such material as Confidential Material under the protection of this Stipulated Protective Order. The recipient of such documents agrees to cooperate with the producing Party to remedy the inadvertent disclosure.

7. A Party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and its failure to do so shall not preclude a subsequent challenge to such a designation. In the event that a Party disagrees at any stage of these proceedings with another Party's designation of any material as Confidential Material, the Parties shall attempt to resolve such dispute in good faith on an informal basis. If the disagreement cannot be resolved in this fashion, a Party may, by sealed motion setting forth with specificity the material challenged, seek an order freeing that material from the designation as Confidential Material. Any material as to which such a motion is made shall be treated as Confidential Material under the provisions of this Stipulated Protective Order until further order of the Court. In the event that a motion is brought before the Court concerning a confidential designation, the burden to prove that the designated material is subject to the protections of this Stipulated Protective Order rests with the party asserting the confidential designation.

8. In the event that counsel for any Party files with the Court any Confidential Material or any papers containing or making reference to any such material, such material and papers shall be filed only "UNDER SEAL" in accordance with the Court's rules.

9. This Stipulated Protective Order shall not prevent Confidential Material from being offered or received as evidence at trial, subject to such confidentiality measures as the Court may then prescribe, if any.  But for such use at trial, Confidential Material shall continue to be treated in accordance with this Stipulated Protective Order.  The use or admission of Confidential Material at trial shall not affect the right of the Parties to designate the same or similar materials as Confidential Material in any other or subsequent litigation, civil action, or proceeding.

10. Within thirty (30) days of the termination of this litigation, including settlement or the final determination of any appeal, all Confidential Materials and all copies, summaries, or excerpts thereof, shall either be returned to counsel for the producing party or shall be destroyed. With respect to the dissemination of confidential information that has been distributed to Qualified Persons under paragraph 3(a)-(e) and (g) of this Stipulated Protective Order, counsel for each Party shall certify that he or she has used their best efforts to recover all Confidential Material from said Qualified Persons to whom such materials may have been distributed during the litigation and has returned such documents to counsel for the producing Party or shall obtain an affidavit from counsel attesting to the fact that the Confidential Materials have been destroyed.

11. In the event that any recipient of Confidential Material is served with a subpoena, document request, or other request for the production of Confidential Material in other litigation, such recipient shall assert the existence of this Protective Order and refuse to produce such documents unless ordered to do so by a court of competent jurisdiction.  The recipient of the

request shall notify counsel for the producing Party and cooperate with counsel for the producing Party, at the producing Party's cost and expense including reimbursement of recipient's reasonable attorneys' fees, in the event the producing Party files a motion to quash or prevent such disclosure.

12. This Stipulated Protective Order shall survive the termination of this litigation.

13. Nothing contained in this Stipulated Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Material nor shall it prevent any Party from using or disclosing its own Confidential Material for any purpose.

14. This Stipulated Protective Order represents a valid and binding agreement of the Parties effective as of the date executed by their authorized representatives.

**AGREED** by and between the undersigned Parties, by and through their duly authorized representatives, intending to be legally bound, this 3rd day of February, 2021.

| | |
|---|---|
| /S Michael J. Kapin<br>BY:_____<br>Michael J. Kapin, Esq. | /S Michael Maragoudakis<br>BY:_____<br>Michael Maragoudakis, Esq.  (MM8088) |
| KAPIN PLLC<br>1133 Broadway, Suite 1001<br>New York, New York 10010 | MARTINEZ & RITORTO, P.C.<br>30 Wall Street, 8th Floor<br>New York, NY  10005 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant*<br>DELTA AIR LINES, INC. |

IT IS SO ORDERED, this ___9th___ day of February, 2021.

_____
HON. MARY KAY VYSKOCIL
United States District Judge

5